UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA



CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE

---

Federal Building and United States Post Office        Telephone: (605) 945-4490
225 South Pierre Street, Room 211                              Fax: (605) 945-4491
Pierre, South Dakota 57501-2463

February 13, 2009

John S. Lovald, Esq.
Chapter 7 Trustee
Post Office Box 627
Pierre, South Dakota 57501

John H. Mairose, Esq.
Attorney for Debtor
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota 57702

James E. Carlon, Esq.
Attorney for *amicus curiae*
 S.D. Department of Social Services
Post Office Box 249
Pierre, South Dakota 57501

       Subject:   *In re Marybeth Perry*, Chapter 7, Bankr. No. 06-50237

Dear Counsel:

       The matter before the Court is the Motion for Turnover of Non-Exempt Property filed by Trustee John S. Lovald. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, the motion will be denied.

       **Summary.** The issue presented by Trustee Lovald's Motion for Turnover of Non-Exempt Property (doc. 35) is whether a claim for unpaid child support is property of the estate within the meaning of 11 U.S.C. § 541 and is thus subject to turnover pursuant to 11 U.S.C. § 542. The parties[1] eschewed a hearing on the motion, opting instead to submit the matter on the following stipulated facts (doc. 54):

    1. . . . John S. Lovald [("Trustee Lovald")] is the duly qualified and acting Bankruptcy Trustee in this case.

    2. . . . Debtor [Marybeth Perry ("Debtor")] filed this bankruptcy on November 28, 2006 [("petition date")].

    3. [On the petition date,] Debtor had custody of three minor children[.]

    4. Debtor's Schedules I and J, Current Income of Individual Debtor and Current Expenditures of Individual Debtor[,] showed a negative disposable income of $360.00 per month.

---

      [1] Given the nature and importance of the issue involved, the Court invited the South Dakota Department of Social Services to participate as an *amicus curiae*.

Re: *Marybeth Perry*
February 13, 2009
Page 2

      5. [On the petition date,] Debtor was owed a child support arrearage of $2,000.00 with respect to the child support accrued and owed for her minor children. The monthly obligation is in the amount of $350.00 per month[ ] and was scheduled as an income item on Schedule I of the filed schedules.

      6. [On the petition date,] Debtor asserted an exemption claim of $1,125.00 in the child support arrearage pursuant to [S.D.C.L.] § 43-45-4.

      7. On February 14, 2007[,] Debtor filed an amendment to Schedule C[,] deleting the exemption claim of $1,125.00 in the child support arrearage, and increasing her exemption claim in the tax refund for 2006[ ] by a similar amount.

      8. On the [petition] date . . . , Debtor maintained one checking account at Great Western Bank and one savings account at Belle Fourche Federal Credit Union.

      9. [Since the petition date,] Debtor has received payments [on] the child support arrearage totaling $1,672.15. Said sums were collected through the efforts of the [South Dakota] Department of Social Services, Office of [C]hild [S]upport [E]nforcement.

      10. The child support arrearage was with respect to a support order entered by the Circuit Court for the Fourth Judicial Circuit, Butte County[,] South Dakota.

      11. The payments which Debtor has received [on] the child support arrearage have been deposited by Debtor to her checking account at Great Western Bank, which is the same account where Debtor's paychecks are deposited and is the account out of which Debtor's living expenses and expenses for the daily needs of her children are paid. There is no method used to segregate current support payments, payments received on the arrearage[,] or Debtor's paychecks for her employment.

      12. All amounts so received by Debtor were used for the support of Debtor's family and were applied to Debtor's reasonable and necessary living expenses.

      **Discussion.** The filing of a petition for relief under the bankruptcy code creates a bankruptcy estate comprised of, *inter alia*, all the debtor's legal and equitable interests in property on the petition date. 11 U.S.C. § 541(a)(1). This seemingly all-encompassing language is tempered somewhat by other provisions of the bankruptcy code. *See, e.g.*, 11 U.S.C. §§ 541(b)(1) (property of the estate does not include any power the debtor may exercise only for the benefit of another entity); 541(c)(2) (a restriction on the transfer of the debtor's beneficial interest in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a bankruptcy case); and 541(d) (property in which the debtor holds only legal title is property of the estate only to the extent of the debtor's legal title).

Re: *Marybeth Perry*
February 13, 2009
Page 3

In determining the existence and extent of a debtor's legal and equitable interests in property, the Court must look to state law or other applicable nonbankruptcy law. *Butner v. United States*, 440 U.S. 48, 54-55 (1979). Having done so, the Court is persuaded that under South Dakota law, child support payments are held in trust by the parent for the child (or children).

> The attempt to attach an attorney's lien to child support has been rejected by the courts in other jurisdictions. [Citation omitted.] The rationale of the courts on this issue has been either that the parent holds the funds as trustee for the child or that the lien violates public policy. *Both arguments apply in South Dakota*.

*Jasper v. Smith*, 540 N.W.2d 399, 404 n.4 (S.D. 1995) (emphasis added). While it may be *dicta*,[2] this statement of South Dakota law is consistent with other South Dakota Supreme Court decisions. *See*, *e.g.*, *Tovsland v. Reub*, 686 N.W.2d 392, 403 (S.D. 2004) (child support payments are for the benefit of the child, not the parent); *Vander Woude v. Vander Woude*, 501 N.W.2d 361, 364 (S.D. 1993) (child support payments are not a debt owed to the parent); *Peterson v. Peterson*, 434 N.W.2d 732, 738 (S.D. 1989) (child support payments are for the child, not the custodial parent); *Weygand v. Weygand*, 297 N.W. 689, 690 (S.D. 1941) (one parent is not indebted to the other for child support). In the absence of any contrary authority, the Court cannot ignore such a clear and unambiguous statement of South Dakota law.

In his brief, Trustee Lovald cited two cases from other jurisdictions in which the court held child support payments were property of the estate. In the first case, *In re Henady*, 165 B.R. 887 (Bankr. N.D. Ind. 1994), the court was confronted with what it considered to be two conflicting lines of Indiana case law and chose the one that viewed child support payments as an obligation owed to the custodial parent, not the child. *Henady*, 165 B.R. at 893. Having made that choice, the court could only conclude such an obligation was property of the bankruptcy estate. *Id.* Trustee Lovald did not identify any such conflict in South Dakota case law.[3] In the second case cited by Trustee Lovald, *In re Harbour*, 227 B.R. 131 (Bankr. S.D. Ohio 1998), the court considered the rebuttable presumption found in *Connin v. Bailey*, 472 N.E.2d 328 (Ohio 1984), that the monies sought in a child support collection action were those that had been advanced by the custodial parent for the benefit of the child. *Harbour*, 227 B.R. at 132. Given that presumption, the court concluded the child support arrearage in that case was property of the estate. *Id*. Trustee Lovald did not identify any such rebuttable presumption under South Dakota case law.

---

[2] The specific issue before the South Dakota Supreme Court in *Jasper* was whether an attorney's lien could attach to alimony payments. *Jasper*, 540 N.W.2d at 400-04. Although it may not have been essential to the court's resolution of that specific issue, the statement of South Dakota law in the passage cited was nevertheless essential to the court's conscious decision to limit its holding and allow attorney's liens on alimony payments but not child support payments. *See id.* at 404 n.4.

[3] The perceived conflict in Indiana case law lasted only eight years. *See Warsco v. Hambright* (*In re Hambright*), 762 N.E.2d 98, 101-03 (Ind. 2002) (stating *Henady* did not reflect the current status of Indiana law and holding a child support arrearage could not be included in the parent's bankruptcy estate).

Re: *Marybeth Perry*
February 13, 2009
Page 4

In their briefs, Debtor and the Department of Social Services cited a third case from another jurisdiction in which the court held child support payments were property of the estate. In that case, *In re McKain*, 325 B.R. 842 (Bankr. D. Neb. 2005), the court was confronted with a Nebraska statute that expressly provided child support paid to the custodial parent was the custodial parent's property, unless it had been assigned to the Department of Health & Human Services. *McKain*, 325 B.R. at 847.[4] Under the circumstances, the court necessarily concluded child support payments were property of the bankruptcy estate. *Id.* Trustee Lovald did not identify a comparable South Dakota statute.[5]

Debtor held the child support payments as trustee for her children. She did not have an equitable interest in the child support arrearage; thus, the arrearage is not property of the bankruptcy estate. *Begier v. Internal Revenue Service*, 496 U.S. 53, 59 (1990) ("Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'"). Consequently, the arrearage is not subject to turnover under § 542. The Court will therefore enter an order denying Trustee Lovald's Motion for Turnover of Non-Exempt Property.[6]

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

cc:   case file (docket original and serve parties in interest)

---

[4] The statutory language relied on by the court in *McKain* is found at Neb.Rev.Stat. § 42-364(4).

[5] There is, however, some statutory support for the South Dakota Supreme Court's declaration that a parent holds child support payments as trustee for the child. *See, e.g.*, S.D.C.L. §§ 25-7-6.2 (creating a presumption that the custodial parent will spend child support payments directly for the benefit of the child); 25-7A-3 (acknowledging a dependent child's right to commence a support action); and 25-7A-17 (providing an agreement between parents regarding child support may not alter or terminate the rights of the child support obligee, *i.e.*, the child, unless the obligee consents and a court approves the agreement).

[6] Nothing in this decision should be interpreted to excuse a debtor from disclosing his or her receipt of child support payments whenever and wherever required by the bankruptcy code, the bankruptcy rules, or the official forms, *e.g.*, schedule I (Current Income of Individual Debtor(s)), form B7 (Statement of Financial Affairs), form B22A (Statement of Current Monthly Income and Means-Test Calculation (Chapter 7)), form B22B (Statement of Current Monthly Income (Chapter 11)), and form B22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Chapter 13)).